UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
                                                    :

UNITED STATES OF AMERICA,    :    Docket No. 92 CR 1008 S-7 (JS)

- against -

FREDERICK PUGLISI

                 Defendant.
-------------------------------------------------x

**PUGLISI RESENTENCING MEMORANDUM**

JOSEPH W. RYAN, JR., P.C
*Attorneys for Defendant Jonathan Frederick Puglisi*
Melville Law Center
225 Old Country Road
Melville, New York 11747
516 629 4896
joeryanlaw@earthlink.net

1

STATEMENT OF THE CASE

We submit this memorandum in support of Mr. Puglisi's pro se motion for a resentencing based upon the 2014 reduction of the Sentencing Guidelines for the marihuana offenses for which he was convicted 23 years ago (18 USC § 3582). The government[1], the Probation Department[2] and the Bureau of Prisons seem to agree that under the new guideline range, Mr. Puglisi, at 56 years of age, would be eligible for BOP release, having served 315 months incarceration (26 years and 3 months). His new guideline Level 40 range subjects him to a sentence range of 324-405 months imprisonment. For example, if the Court would resentence Mr. Puglisi to 364 months, he would be eligible for immediate release because the BOP must credit him good time calculated at approximately 15% of the imposed sentence.[3] We will demonstrate that after serving 26 years imprisonment (46% of his adult life), Mr. Puglisi has reformed himself into a responsible, capable and law abiding inmate in whom the Court can have full confidence that he presents no threat whatever to the public and that he can contribute as a productive member of the community without any further cost to the taxpayers.

Mr. Puglisi is fortunate to have his son Robert, a cost-analyst for a Chemglass Life Sciences (Chemglass) offer him a new life living with him at his modest home in Deptford, NJ. (See: Ehxs. A & B). Robert's home is also in near the Vineland, NJ home of his 10-year old granddaughter, Sophia Puglisi who lives with her mother Hanna Piatt, in Vineland, NJ. Her father is son Cristopher Puglisi, a veteran Corporal of U. S. Marine Corps and a retired law

---

[1] ECF 948
[2] PSR Second Addendum
[3] 18 USC 3624 and *Barber v. Thomas*, 560 U.S. 474 (2010)

enforcement officer of the Vineland Police Department. .Mr. Puglisi's affection for his granddaughter is expressed in his motion and by his furnishing her with his handmade leather pocket book. Motion at 16; Exh.C.

Moreover, Robert has generated for his father an employment opportunity at Chemglass, a family-owned company that employs more than 240 workers and conducts an annual business volume of $58 million as a manufacturer /distributor of laboratory products. We attach the employment confirmation from Mr. David Surdam, Vice-President in charge of Chemglass operations and a company shareholder (Exh.D).

Robert's proposal presents a unique opportunity for this Court to recognize the accomplishment of the Department of Justice, Bureau of Prisons, by undertaking unique reforms to rehabilitate inmates. "The Federal Bureau of Prisons is undertaking sweeping reforms designed to reduce recidivism and strengthen public safety. By focusing on evidence-based rehabilitation strategies, these reforms touch virtually every aspect of the federal prison system, from an inmate's initial intake to his or her return to the community. The reforms are targeted to address the core behavioral issues that result in criminality, with the goal of reducing the likelihood that inmates re-offend either while incarcerated or after their release. In doing so, the Bureau is creating safer prisons and safer streets, underscoring the Justice Department's philosophy that one of the best ways to prevent crime is by reducing recidivism." https://www.justice.gov/archives/prison-reform. Mr. Puglisi presents a prime example of how these strategies have bred success.

The wisdom of the BOP in selecting Mr. Puglisi to populate the 2001 grand opening of FCI Pollock as a state of the art correctional facility has become self-evident. Motion at 14. Dr.

A. Hazen, Acting Chief Psychologist and Specialty Programs Coordinator's appraisal of Mr. Puglisi makes this point abundantly clear:

> [N]ever have I seen one inmate as committed to personal growth or mental health stability the way I have seen with you. You have been incarcerated at POX for 16 years, and in those years, exigent institutional lock downs or emergencies, you have without fail, been committed to weekly independent study and mindfulness meditation in our department. Every Friday morning over the past 16 years (we have observed you over the past 9) you have reported to Psychology Services to read material, listen to seminars, and/or watch self-help lecture about bettering yourself in terms of emotional intelligence and psychological well-being. You have "raided" our library, often reading anything we have available or can order and you remain abreast of how the material can be utilized in your life on this compound. As you continued your studies, you also encouraged others to come to the department to on Fridays with you to educate and apply psychology to their daily lives. You've learned about positive coping skills, emotional regulation, accountability of behavior, criminal thinking errors, and how to engage in a healthier attitude about your incarceration. Your behavior towards staff has also been remarkable; you remain grateful, first and foremost about your scheduled study and are respectful to all staff present in the department. You demonstrate flexibility and understanding when our department is closed or short staffed; you don't appear to present with entitlement or grandiosity; regardless of the time you have been coming to the department. You seem as grateful about being given time for yourself as the first time I interacted with you.... I do not know your legal status and I cannot attest for what will happen to you in the future, but I can say that I am proud of you. I wish others would aspire to the commitment to betterment I see in you, and hope you take the motivation to improve and be the best version of yourself with you wherever you go.

See: Exhibit C which also lists the 35 prison programs in which Mr. Puglisi has participated. We note that five programs were devoted to MICROSOFT applications which will undoubtedly serve him well should he be permitted to return to the community. We also note that the Leather Tooling course enabled Mr. Puglisi to make wonderful leather products for his family. See Exh.E.

Mr. Puglisi's incarceration represents a costly public investment to prevent recidivism. We estimate that there had been an investment of more than $749,000 representing the public cost of Mr. Puglisi's incarceration. At the beginning of his term, the average annual cost was $ 21,331; the latest cost estimate is $36,300. Multiplying the mean average ($28,816) over a 26

year period amounts to approximately $749,000. The BOP should be proud of the return on the public's investment in Mr. Puglisi. .

The government objection[4] based upon the alleged gory details of the murder plot for which Mr. Puglisi was tried but not convicted, should not foreclose the Court from considering the overwhelming proof of Mr. Puglisi's remarkable reformation and Dr. Hanzen's assessment: "never have I seen one inmate as committed to personal growth or mental health stability the way I have seen with you." Mr. Puglisi's strength of character is self-evident. To commit to self-help programs at a time when there was no incentive to overcome the reality that he might die in prison makes his reformation all the more remarkable: "It was in Pollock; away from the environs of the past, that Puglisi was able to effectuate real change in his life. He decided to make better use of his time by educating himself through BOP classes and self-study." Motion at 14.

We note that the existing judgement provides for three years of supervised release. Should the court grant a resentencing and consider imposing supervised release, it should be noted that within a half hour of Robert's home in Deptford, the U.S Probation Department is located nearby in Philadelphia. His son Robert readily accepts the prospect of unannounced visits and searches at their home as a small price to bear for his father's well-being. Exh. B.

In the last analysis, the Court must fashion a resentencing based upon proposes the four factors required by 18 U.S.C § 3553 (a) (2): "retribution, deterrence, incapacitation and rehabilitation," *Tapia v. United States*, 564 U.S. 319, 325 (2011). Retribution and deterrence have been well served by Mr. Puglisi's 26 years imprisonment which represents 46 % of his

---

[4] ECF 948.

adult life. Public safety and rehabilitation concerns have likewise been well served as documented by the BOP record. We urge the Court to find that under the unique circumstances of his case a sentence not to exceed 364 months would be "sufficient, but not greater than necessary to meet the purposes set forth in 18 U.S.C. § 3553 (a) (2).

## CONCLUSION

The motion for reduction of the sentence should be granted, and upon re-sentencing, the Court should impose a sentence not to exceed 364 months as sufficient, but not greater than necessary to meet the purposes set forth in 18 U.S.C § 3553 (a) (2).

Dated: Melville, NY 11747
December 13, 2018

JOSEPH W. RYAN, JR., P.C.
By: _____
JOSEPH W. RYAN, JR. (2408)
Attorneys for Defendant
    FREDERICK POLISI
MELVILLE LAW CENTER
225 OLD COUNTRY ROAD
MELVILLE, NY 11747
516 629 4896
joeryanlaw@earthlink.net

TO: Honorable Richard Donoghue
United States Attorney
610 Federal Plaza
Central Islip, NY 11722
    Attention: AUSA Monica K. Castro

USPO Jennifer Bauman